UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

NANCY KAY HUCKABY, ET AL         CIVIL ACTION NO. 15-cv-1659

VERSUS                            JUDGE FOOTE

MESSICK-MANY, LLC, ET AL          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Nancy and Darrell Huckaby ("Plaintiffs") filed suit in state court for personal injuries allegedly suffered after Nancy slipped and fell in liquid at a McDonald's restaurant in Many, Louisiana. The named defendants are Messick-Many, LLC (the alleged owner of the premises), Zurich American Insurance Company, and John Doe (the unknown manager of the restaurant).

Defendants Messick-Many and Zurich removed the case based on an assertion of diversity jurisdiction, which places the burden on them to assert facts showing complete diversity of citizenship. The notice of removal asserts that Plaintiffs are residents of Louisiana, but it is domicile rather than mere residency that controls for purposes of citizenship.[1] Fortunately, the state court petition asserts that Plaintiffs are domiciled in Louisiana. The notice of removal alleges that Zurich is a New York corporation with its

---

[1] "It is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984).

principal place of business in Illinois, so the record is satisfactory with respect to the citizenship of those parties.

Messick-Many states in its notice of removal that it is a Texas LLC with its principal place of business in Texas. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007). The court has explained the need for such detail in cases such as Burford v. State Line Gathering System, LLC, 2009 WL 2487988 (W.D. La. 2009) and Adams v Wal-Mart Stores, Inc., 2014 WL 2949404 (W.D. La. 2014). Defendants are directed to file an amended notice of removal by **May 29, 2015** that sets forth in detail the LLC's citizenship information.

The state court petition names as a defendant John Doe, who is described as a manager and employee of Messick-Many, LLC. The petition alleges that his identity is unknown, but he is believed to be domiciled in Louisiana. The presence of a Louisiana defendant would destroy diversity, but in determining whether an action is removable on the basis of diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). If Plaintiffs seek to amend their complaint to add an identifiable manager who is a Louisiana citizen, Local Rule 7.6 requires that their motion

for leave to amend be accompanied by a memorandum, which must addresses the factors set forth in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987) that apply when a proposed amendment would destroy diversity jurisdiction. Plaintiffs will also have to explain in the memorandum why any such proposed defendant is potentially personally liable despite Canter v. Koehring and related jurisprudence that generally defeats claims against a store manager or employee based on their mere general responsibilities. See Adams v Wal-Mart Stores, Inc., 2014 WL 2949404 (W.D. La. 2014) (collecting cases).

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of May, 2015.

Mark L. Hornsby
U.S. Magistrate Judge